1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   FRANK INGLIS AND TERESA INGLIS,                    CASE NO. 08 CV 1825 JM (BLM)

12                                      Plaintiffs,     **ORDER DENYING MOTION FOR**
                                                        **REMAND**
            vs.
13                                                      Doc. No. 5
     D.R. HORTON, INC., JAMES PRITCHETT,
14   and DOES 1 to 10,

15                                     Defendants.

16

17          On October 7, 2008, Defendant D.R. Horton filed a Notice of Removal of a personal injury

18   action originally brought in San Diego Superior Court. (Doc. No. 1.) Defendant D.R. Horton

19   predicates removal on diversity jurisdiction pursuant to 28 U.S.C. § 1332. The matter comes before

20   the court on Plaintiffs' motion to remand, filed October 16, 2008, in which Plaintiffs attack the Notice

21   of Removal as defective and subject matter jurisdiction for lack of complete diversity. (Doc. No. 5.)

22   Defendant D.R. Horton filed an opposition to the motion on November 4, 2008. (Doc. No. 10.) The

23   matter was taken under submission by the court under Local C.R. 7.1(d) on November 21, 2008.

24   (Doc. No. 5.)

25   //

26   **I. Legal Standards**

27          Federal courts enjoy subject matter jurisdiction based on diversity where "the matter in

28   controversy exceeds the sum or value of $75,000...and is between...citizens of different States...." 28

U.S.C. §1332(a).  Although D.R. Horton was the only defendant served at the time the Notice of Removal was filed, Defendant James Pritchett ("Pritchett") has since appeared in the case by posting a timely Answer on October 29, 2008.  (Doc. No. 9.)[1]  If at any time before final judgment it appears the district court lacks subject matter jurisdiction, the case shall be remanded.  28 U.S.C. § 1447(c).  Thus, the court reviews the pending motion based on the present circumstances and considers all named parties who have been served in the action.

//

**II. Discussion**

      **A. Alleged Defects in Notice of Removal**

Plaintiffs first allege the timely-served Notice of Removal was defective because the supporting declaration and Corporate Disclosure Statement, referred to therein, were not included in the served papers.  Plaintiffs argue this defect is fatal, and any attempt to cure the defect would now be untimely.  Predictably, the parties present conflicting declaratory evidence as to whether the enclosures were served with the Notice.  (Doc. No. 5, Decl. of John Michael Taylor; Doc. No. 10, Decl. of Mary L. Sanchez.)

Under 28 U.S.C. § 1446(a), to effect removal, a defendant "shall file in the district court...a notice of removal...containing a short and plain statement of the grounds for removal...."  Such notice must be "filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading...."  28 U.S.C. § 1446(b).  Other than the above, the statute only requires the Notice be signed pursuant to Fed. R. Civ. P. 11.  Notably, Rule 11 states, "[u]nless a rule or statute specifically states otherwise, [signed papers] need not be verified or accompanied by an affidavit."

Defendant D.R. Horton received a copy of the Summons and Complaint from the corresponding state action on September 8, 2008 and filed the Notice of Removal within the thirty-day statutory time limit.  (Not. of Rem. ¶ 5.)  Plaintiffs admit they were served with the Notice on October

---

[1]Since Pritchett was not served at the time the Notice of Removal was filed, his consent to removal was not required.  See Chicago, Rock Island and Pac. Ry. Co. v. Martin, 178 U.S. 245 (1900).  However, the court may reasonably construe Pritchett's Answer as consent.  See Hernandez v. Six Flags Magic Mountain, Inc., 688 F.Supp. 560, 563 (C.D. Cal. 1988); Esposito v. Home Depot U.S.A., Inc., 436 F.Supp.2d 343, 347 (Answer filed by later-served defendant constituted consent to removal when all served defendants were represented by same counsel).

7, 2008, the Notice alerted them to the removal, and the Notice stated the grounds for removal as diversity.  (Doc. No. 1.)  The court finds the issue of supporting documentation immaterial, as Defendant D.R. Horton met its statutory burden in filing the Notice of Removal alone.

//

### B.  Alleged Lack of Complete Diversity[2]

With respect to the current parties to the action, Plaintiffs are citizens of California, Defendant D.R. Horton is a Delaware corporation with its principal place of business in Texas, and Defendant Pritchett is a citizen of Texas.  (Doc. No. 1 ¶ 7; Doc. No. 10 at 6:28-7:1.)  Plaintiffs argue complete diversity is lacking because a potential defendant, the owner of the vehicle Defendant Pritchett was allegedly driving at the time of the accident, "is likely a California business entity."  (Doc. No. 5 at 2.)  At this time, the potential defendant is unknown and is named only as a Doe defendant.

Under 28 U.S.C. § 1441(a), "[f]or purposes of removal...the citizenship of defendants sued under fictitious names shall be disregarded."  In assessing diversity of citizenship, the court "only consider[s] the domicile of the named defendants." Newcombe v. Adolf Coors Co., 157 F.3d 686, 690 (9th Cir. 1998).

Since complete diversity exists between the named parties in the action, Plaintiffs argument fails.  The court notes the removal statutes provide Plaintiffs with recourse should, as they anticipate, a later-identified and served Doe defendant destroy diversity.  28 U.S.C. § 1447(c).

//

### III.  Conclusion

For the reasons discussed above, Plaintiffs' motion to remand (Doc. No. 5) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

DATED:  November 24, 2008

Hon. Jeffrey T. Miller
United States District Judge

---

[2]Plaintiffs do not contest Defendant D.R. Horton's allegation that the amount in controversy exceeds the statutory amount.

08cv1825